83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcelino CARILLO, Defendant-Appellant.
 No. 94-56166.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcelino Carillo appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to reduce his sentence. Carillo contends that his attorney rendered ineffective assistance of counsel. Carillo was convicted of conspiracy and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Carillo's § 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 Carillo contends that his trial counsel was ineffective for failing to investigate a confidential informant's past history of mental illness which could have been used to impeach the informant's credibility, and for failing to determine whether the government possessed material that would verify the informant's history of mental illness.
 
 
 4
 A claim of ineffective assistance requires a showing that counsel's performance was deficient and that counsel's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1994). A defendant who challenges his conviction must show that "there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting [the defendant's] guilt." Id. at 695; see also, United States v. Olson, 925 F.2d 1170, 1173 (9th Cir.1991). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. Strickland, 466 U.S. at 697; Olson, 925 F.2d at 1173.
 
 
 5
 Here, the confidential informant testified that Carillo assisted with the heroin transfer and had informed him that the heroin was of good quality. Additionally, a Drug Enforcement Agency officer testified that Carillo, at the time of his arrest, admitted to being present at the heroin transfer for the purpose of receiving the money and giving it to the heroin supplier. The officer also testified that Carillo had stated that he expected to receive $1,000 for his role in the drug transaction. Carillo has not shown that the jury would have had a reasonable doubt regarding his guilt absent counsel's alleged failure to investigate the informant's history of mental illness or to seek discovery regarding such illness. See Strickland, 466 U.S. at 695. Because Carillo has not shown such prejudice, his ineffective assistance claim fails. See id. at 687; Olson, 925 F.2d at 1173.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4